Gen. 295] 295

**INSURANCE**

**INSURANCE − CASUALTY − VEHICLE LAWS − COLLISION DAMAGE TO RENTAL VEHICLES**

July 27, 1994

*The Honorable Michael J. Wagner*
*Maryland Senate*

On behalf of your constituent, Enterprise Rent-A-Car, you have requested our opinion on the meaning of certain provisions of Article 48A, §541(d) of the Maryland Code, relating to collision damage to rental vehicles.[1] The provisions at issue were added to the Insurance Code last year as a result of the enactment of Chapter 261 (Senate Bill 732) of the Laws of Maryland 1993.

When a rental vehicle is involved in an accident with an uninsured motorist or a vehicle whose driver is not known ("phantom vehicle"), the two insurers that might be liable for the collision damage are the insurer covering the fleet of vehicles leased by the rental car company, under a commercial fleet automobile policy; or the insurer covering the person who has rented the car, the lessee, under a personal automobile insurance policy. Enterprise asserts that the responsible insurer is the lessee's insurer, through the collision coverage that is part of the lessee's personal automobile insurance policy, and bases its conclusion on §541(d)(4)(iv), which states as follows:

> An insurer may not deny coverage to an insured for collision damage to a rental vehicle because:
>
> 1. The accident involved an uninsured motorist; or
>
> 2. The identity of the motor vehicle causing the damage cannot be ascertained.

---

[1] All statutory references, unless otherwise specifically indicated, are to Article 48A, the Insurance Code.

For the reasons stated below, we conclude that §541(d)(4)(iv) does not specify which insurer will be responsible for property damage to a rental vehicle that has been damaged by an uninsured motorist. The addition of this provision, as well as the other changes made to §541(d) by Senate Bill 732, were not intended by the General Assembly to allocate responsibility between insurers for the damage to a rental vehicle. Rather, the legislative change was made simply to clarify that a payment under a lessee's collision coverage, which by law extends to rental vehicles, may not be denied to the lessee if the damage is caused by an uninsured motorist or a phantom vehicle. The new provisions do not affect the obligation of the lessor to carry certain uninsured motorist coverage for property damage as required by the Transportation Article.

# I

## Lessee's Collision Coverage

Your inquiry relates to collision coverage, a type of insurance coverage which is *not* in the list of mandatory automobile insurance coverages required by Maryland law.[2] Collision coverage is optional. It is defined in §541(d)(3) as:

> insurance without regard to fault against accidental property damage to the insured motor vehicle caused by physical contact of the insured motor vehicle with another motor vehicle or with another object or by upset of the insured motor vehicle, if the accident occurs within the United States of America, its territories or possessions, Canada or Mexico.

---

[2] Subtitle 35 of the Insurance Code specifies certain coverages that are required to be a part of motor vehicle liability insurance policies issued in this state. For example, Section 539 prescribes a minimum coverage of $2,500 for medical, hospital, and disability benefits, a coverage commonly referred to as Personal Injury Protection benefits or PIP. Section 541(a) incorporates the provisions in Title 17 of the Transportation Article requiring drivers to have "security" in the form of a motor vehicle liability policy with the minimum coverages specified in §17-103(b)(1) through (4) of the Transportation Article.

In 1990, the General Assembly added a new provision, now §541(d)(4), requiring that, if a private passenger automobile insurance policy issued in Maryland does include collision coverage, that coverage must extend to passenger cars "rented by an insured for a period of 30 days or less under a rental agreement as otherwise defined in §14-2101 of the Commercial Law Article." *See* Chapter 473 of the Laws of Maryland 1990.

In 1993, the General Assembly, through the enactment of Chapter 261, made several changes to §541(d) and one change to §14-2101 of the Commercial Law Article relating to collision damage waivers.[3] The only change to §541(d) relevant to Enterprise's inquiry is the addition of the language codified as §541(d)(4)(iv):

---

[3] Under Subtitle 21 of the Commercial Law Article, lessors of rental vehicles must include in their rental motor vehicle agreement form or in a separate document the following notice:

> "Notice: This contract offers, for an additional charge, a collision damage waiver to cover your responsibility for damage to the vehicle. Before deciding whether to purchase the collision damage waiver, you may wish to determine whether your own automobile insurance affords you coverage for damage to the rental vehicle and the amount of the deductible under your own insurance coverage. The purchase of this collision damage waiver is not mandatory and may be waived. Maryland law requires that all Maryland residents' insurance policies with collision coverage automatically extend that collision coverage to passenger cars rented by the insured's named in the policy for a period of 30 days or less."

§14-2101(e)(5) of the Commercial Law Article. Another document must disclose the cost of the collision damage waiver and any conditions or exclusions applicable to the waiver. The Consumer Protection Division of the Attorney General's Office has developed a Collision Damage Waiver Disclosure Form for use by the rental vehicle businesses. This form states, in part, that the car rental agreement generally requires the lessee to accept responsibility for all damage or loss to a rental car, whether or not the lessee is at fault.

An insurer may not deny coverage to an insured for collision damage to a rental vehicle because:

1. The accident involved an uninsured motorist; or

2. The identity of the motor vehicle causing the damage cannot be ascertained.[4]

"When called upon to construe a particular statute, we begin our analysis with the statutory language itself, as the words of the statute, given their ordinary and popularly understood meaning, are the primary source of legislative intent. If the language of the statute is plain and clear and expresses a meaning consistent with the statute's apparent purpose, no further analysis is ordinarily required." *Gargliano v. State*, 334 Md. 428, 435, 639 A.2d 675 (1994) (citations omitted). All statutory text ought to be viewed in context, however, including its relationship to other laws. *NCR Corp. v. Comptroller of Treasury*, 313 Md. 118, 125, 544 A.2d 764 (1988). *ANA Towing, Inc. v. Prince George's County*, 314 Md. 711, 718 n.5, 522 A.2d 1295 (1989). In this instance, both the statutory text and its context make manifest the limited scope of §541(d)(4)(iv).

Considering the plain meaning of its text, §541(d)(4)(iv) simply addresses the relationship between an insurer providing collision coverage and the insured who has purchased the coverage. No mention is made of the lessor of the rental vehicle that has been damaged in a collision with an uninsured motorist or a phantom vehicle.

---

[4] Of the four changes made to §541(d) by Chapter 261, only the addition of subparagraph (iv) to §541(d)(4) is relevant to Enterprise's inquiry. The addition of new language for §541(d)(2) allows insurers to offer "optional coverage for damages incurred by the insured as a result of the loss of use of a rental vehicle." Another change was the addition of a definition of "passenger car" which includes Class M (Multipurpose) vehicles. Finally, a reference to the previous definition of a passenger car was eliminated from the law. The only change made to Commercial Law Article §14-2101 was the addition of the same definition of "passenger car" that was newly added to §541(d) by the bill.

The statutory language is simple and direct:  the insurer "may not deny coverage to an insured."  This language perhaps assumes, but it surely does not require, that an insured renting a vehicle damaged by an uninsured motorist or phantom vehicle will file a claim with the insurer providing collision coverage, if such optional coverage was purchased.  According to the definition of collision coverage, a "no-fault" coverage, and the explicit provisions of §541(d)(4)(iv), a claim under collision coverage to have a rental vehicle repaired following a collision with an uninsured or phantom vehicle will be paid by the insurer.  It would be a violation of the law for the lessee's insurer to deny the collision claim even though there may be other insurance that could cover the loss.  But §541(d)(4)(iv) simply does not mandate the filing of the claim in the first place.

In the interest of completeness, we may also look to any evidence of the General Assembly's purpose in the legislative history.  *Harris v. State*, 331 Md. 137, 146, 626 A.2d 946 (1993); *Kaczorowski v. City of Baltimore*, 309 Md. 505, 515, 525 A.2d 628, 632 (1987).  The Department of Legislative Reference's file on the bill consists of just a few pages.  Neither the Floor Report nor the amendments relate to the addition made to §541(d)(4).  Instead, the focus is on the addition of §541(d)(2) relating to "optional coverage for damages incurred by the insured as a result of the loss of use of a rental vehicle."   Nothing in the bill file detracts from the conclusion that the language of the amendment should be literally applied.

## II

### Lessor's Property Damage Coverage

The context of §541(d)(4)(iv) includes §18-102 of the Transportation Article and the regulations adopted pursuant to that law. The Motor Vehicle Administration will not register a vehicle that is to be rented until the owner of the vehicle certifies that the owner has "security for the vehicle in the same form and providing for the same minimum benefits as the security required by Title 17 of this article for motor vehicles."  TR §18-102(a).  The persons to be covered by the "security" are described in TR §18-102(b) as follows: "Notwithstanding any provision of the rental agreement to the contrary, the security required under this section shall cover the owner of the vehicle and each person driving or using the vehicle with the permission of the owner or lessee."

The insurance requirements for vehicles which are to be rented are detailed in regulation as follows:

> A person in the business of renting or leasing motor vehicles, trailers, or semitrailers shall file with the Financial Responsibility Division of the Administration, for each vehicle rented or leased, a copy of the liability insurance policy or proof of Maryland self-insurance certification required under Transportation Article, Titles 17 and 18, Annotated Code of Maryland, and a copy of the standard rental or lease agreement upon demand. The insurance policy or self-insurer shall *provide primary coverage to the owner, the lessee, and each person driving or using the motor vehicle*, trailer or semitrailer with permission of the owner or lessee, notwithstanding any provisions of the rental or lease agreement to the contrary. The owner of the motor vehicle, trailer, or semitrailer which is to be rented or leased for a period exceeding 180 days may satisfy the owner's obligation to provide security by requiring the lessee to procure the security.

COMAR 11.18.01.03(A) (emphasis added).

It is clear from TR §18-102 and the regulation quoted above that the State requires the owners of rental vehicles to provide the primary insurance coverage for the vehicles for those coverages that are mandated by TR §17-103. This mandated coverage includes coverage for property damage losses caused by uninsured motorists. TR §17-103(b), subsections (1) through (4), detail the coverages required by law. Subsection (4) requires the "benefits required under Article 48A, §541 of the Code as to required additional coverage."

This reference to §541 relates to the provisions in §541(c)(1) defining an uninsured motor vehicle and describing in §541(c)(2) the coverages that must be in every motor vehicle liability policy. Throughout this statute, the focus is on coverage for bodily injury and death, and there is no explicit mention of uninsured property damage coverage. However, the property damage component of uninsured motorist coverage can be found in subsection (v), which

states: "In no case shall the uninsured motorist coverage be less than the coverage afforded a qualified person under Article 48A, §§243H and 243-I ...."

Under §243H, a person can make a claim against the Maryland Automobile Insurance Fund for "claims for the death of or personal injury to a qualified person or for *damage to property* in excess of $250" arising out of the ownership, maintenance, or use of a motor vehicle and caused by an unidentified operator, an operator whose whereabouts cannot be ascertained, or an uninsured operator. Therefore, the uninsured motorist coverage mandated by §541(c)(2) is generally understood to include coverage for property damage, in addition to other liability coverages required by Title 17 of the Transportation Article.

The fact that owners of rental vehicles are required to provide primary coverage for the vehicle and the persons renting and driving the vehicle cannot be ignored when considering Enterprise's contention that §541(d)(4)(iv) enables rental vehicle owners to receive payment from a lessee's collision coverage. There is nothing in §541(d)(4)(iv) that changes the legal requirement for owners to purchase mandatory coverages for rental vehicles or that negates the regulatory characterization of the lessor's insurance as "primary." Furthermore, as discussed above, the lessor's insurance must include coverage for property damage to a rental vehicle caused by an uninsured motorist or phantom vehicle.

## III

### Conclusion

In summary, it is our opinion that Article 48A, §541(d)(4)(iv) does not transform a lessee's insurer into the primary insurer of the cost of property damage to a rental vehicle when the vehicle is damaged by an uninsured motorist or a phantom vehicle. Nothing in the law, however, prevents a rental vehicle owner from making demand upon the lessee for the cost of the repairs to the rental vehicle if the rental agreement places the responsibility for such damage upon the lessee. In such a case, the lessee may choose to make a collision coverage claim under the lessee's personal automobile policy. If the lessee does so, the lessee's insurer may not

deny payment of the claim because the damage was caused by an uninsured motorist or phantom vehicle.

J. Joseph Curran, Jr.
*Attorney General*

Susan Cohen
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*

***Editor's Note:***

The provision construed in this opinion, former Article 48A, §541, has been recodified at §19-512 of the Insurance Article.